8142

JOHNSON PUBLISHING CO. v. STATE BOARD OF EDUCATION.

Mandamus—School Books—State Board of Education—Contracts.—
   A book publishing company, who made a bid to furnish certain
   school books for the State under specifications requiring a certain
   written contract to be executed within fifteen days after award,
   cannot have the State Board of Education required to accept the
   contract for certain books after the time and after presenting a

contract covering other books, the ones in question being plainly erased, which was accepted by the board; the books sought now to be included having been erased because the State Board would not consent to the publishers' construction of the clause in the contract as to exchange allowances.

Before Wilson, J., Richland, October, 1911. Affirmed.

Action by B. F. Johnson Publishing Company against State Board of Education. Plaintiff appeals.

*Mr. R. H. Welch,* for appellant, cites: *One party has no right to put an interpretation on a contract not warranted by the call for bids:* 26 Ohio State 411; 15 Tex. Civ. App. 433; 48 At. R. 352; 93 U. S. 242; 26 Mon. 22.

*Attorney General J. Fraser Lyon* and *Messrs. Shand & Shand,* contra. *Messrs. Shand & Shand* cite: *Failure to deliver or tender the bond released State Board from any duty to accept the contract:* 119 U. S. 151. *Board cannot be required to adopt particular books:* 30 S. C. 279; 30 S. C. 523; 116 U. S. 426. *Nor to accept contract after contracting with another:* 26 Cyc. 291; 19 Ency. 820. *Issuance of mandamus here would be against public policy and cause confusion:* 4 S. C. 225; 138 S. C. 47; 26 Cyc. 146.

March 21, 1912. The opinion of the Court was delivered by

Mr. Justice Fraser. The State Board of Education, in the performance of their duties, advertised for bids to supply the children of public schools with school books. The appellants submitted a bid, which was accepted by the board. A contract was drawn, as provided for by the advertisement, for execution. The contract was signed by the appellants and delivered to their agent, Mr. F. F. Hough, who carried it to Columbia to be signed by the Board of Education.

Finding that there was a difference in the construction of certain provisions of the contract, between the appellants and the Board of Education, the agent of appellants did not deliver the contract to the board. The board, finding that the difference was causing delay, and after repeated efforts to procure the contract, made a contract with another concern for the books. The appellants applied to his Honor, Judge Wilson, by petition, the prayer of which is as follows, so far as it effects this case:

"Wherefore the petitioner prays that the respondents be required and commanded to properly execute said contract * * * and for such other and further relief as may be equitable and just."

Judge Wilson granted a rule to show cause, and upon final hearing, made the following order:

"On hearing the petition in this case, the rule to show cause and the return thereto, and full argument of counsel for both parties, and on full consideration of the issues involved, it is

"Ordered and decreed that the rule to show cause be discharged and the proceedings dismissed.

"It is manifest in this case there was a call for bids, a bid for readers and other books made by petitioner and the bid accepted. But the call for bids stated as a condition that the publishers whose bids were accepted should execute and deliver to the board a stipulated written contract. Such a contract was soon thereafter prepared by the State Superintendent of Education and sent to the petitioner. But because of a difference between the parties as to the interpretation and construction of a clause in the contract, the petitioner, although it signed the submitted contract, would not deliver it, and made it plain that it would not do so, unless so modified verbally or otherwise as to make it clearly conformable to petitioner's interpretation of it. Thereupon the State Board of Education revoked the adoption of petitioner's readers and adopted others, which contracts were

executed and delivered, and under which books are now being furnished to the pupils of the public schools in South Carolina. Thereafter the petitioner delivered to the State Superintendent of Education the proposed contract which had been sent to it, duly executed, but with the three readers plainly erased in ink, the other books remaining. The State Board thereupon accepted this modified contract by executing it in its modified form. Therefore this petitioner has no right to seek the aid of the Courts to command respondents to execute a contract which by the acts of the petitioners, was never consummated as to the specified readers as required by the call for bids and the bid made and accepted."

From this order the appeal was taken. The following are the exceptions:

1. "The Court erred in not ordering and requiring the respondents as the State Board of Education to properly execute a contract with the appellant covering the readers that had been previously adopted.

2. "The Court erred in holding that the respondents could revoke their acceptance of the appellant's bid under the facts as they appeared.

3. "The Court erred in holding that the reason the contract was never consummated was due to the acts of the appellants."

The judgment of this Court will be confined strictly to the consideration of the exceptions.

Exceptions 1 and 3 are overruled.

Mr. F. F. Hough, the agent of the appellants, makes this condensed statement under oath: "That the contract was not signed by the State Board of Education, because the B. F. Johnson Publishing Company could not agree to the interpretation sought to be placed upon a certain section of the contract, relating to exchange allowances."

This statement also fully justifies the board in making a new contract. Under the advertisement, a written contract, setting out all the terms, was to have been made within fif-

teen days.   The appellant had the contract and still has it. The bid was accepted 20th June.   Appellant's telegram of July 21st shows no disposition to complete the execution of the contract.

This exception is overruled.

The judgment of this Court is that the order appealed from is affirmed and the proceedings dismissed.